607 N.E.2d 685 (1992)
239 Ill. App.3d 630
180 Ill.Dec. 616
In re ESTATE OF Victoria Grace DEVEY, Deceased (Scott State Bank, Administrator D.B.N., Petitioners-Appellees,
v.
The Grand Chapter of the Order of The Eastern Star of Illinois, Respondent-Appellant).
No. 4-92-0401.
Appellate Court of Illinois, Fourth District.
Argued October 20, 1992.
Decided January 28, 1993.
John E. Fick (argued), Rhonda L. Richards, Samuels, Miller, Schroeder, Jackson & Sly, Decatur, for respondent-appellant.
Linda M. Castleman (argued), Roberts, Parish & Castleman, Ltd., Decatur, for petitioners-appellees.
Justice COOK delivered the opinion of the court:
This is an appeal from a summary judgment entered in favor of petitioner Scott State Bank, administrator de bonis non of the estate of Victoria Grace DeVey (administrator). The order declared void a purported life-care contract executed by decedent and the Grand Chapter of the Order of the Eastern Star of Illinois (Eastern Star) for failure to comply with the provisions of *686 the Life Care Facilities Act (Act) (Ill.Rev. Stat.1987, ch. 111½, par. 4160-1 et seq.).
On November 18, 1988, decedent entered the long-term care facility operated by Eastern Star in Macon, Illinois. On that date, she executed a contract agreeing to assign all of her property and any future inheritances or old-age benefits to Eastern Star. She was required to execute a new will naming Eastern Star as sole beneficiary. In return, Eastern Star was to provide shelter, meals and clothing, as well as medical and dental care and, at her death, a funeral and burial.
Upon decedent's death on January 28, 1989, the treasurer of Eastern Star petitioned the court and was appointed executor of the estate. Prior to appointment, and on the basis of the contract and the will only, the treasurer solicited assets of the decedent held by financial and other institutions which had not been transferred by the decedent during her lifetime. The sums received were transferred immediately to Eastern Star, without the filing of a claim in the estate. The distributions completely depleted the estate and no monies remained to pay Federal and State income taxes due.
The will was subsequently determined to be invalid, the letters of office issued to the treasurer revoked, and an accounting ordered. Thereafter the current administrator was appointed and filed a petition for citation to recover property, objections to the amended final account submitted by the treasurer of Eastern Star, and a complaint for mismanagement. One allegation common to all these actions was that the long-term care contract between decedent and Eastern Star violated the Act. On December 12, 1991, the administrator filed a motion for summary judgment seeking to have the contract declared void. On April 13, 1992, the court granted the administrator's motion, finding the contract void as a matter of law and including a finding of no just reason for delaying enforcement or appeal of its order. 134 Ill.2d R. 304(a).
Before addressing the merits of this appeal, we have an obligation to determine whether we have jurisdiction, even though the issue was not raised by the parties. (In re Marriage of Betts (1987), 159 Ill.App.3d 327, 330, 110 Ill.Dec. 555, 557, 511 N.E.2d 732, 734.) The jurisdiction of the appellate court is limited to the review of appeals from final judgments, subject to statutory or supreme court exceptions. (In re Marriage of Verdung (1989), 126 Ill.2d 542, 553, 129 Ill.Dec. 53, 58, 535 N.E.2d 818, 823.) Eastern Star cites as a basis for jurisdiction Supreme Court Rule 304(a), which provides for discretionary appeals from final judgments that do not dispose of an entire proceeding, upon a finding of appealability made by the trial court. (See 134 Ill.2d R. 304(a).) However, where an order is not final as to one or more of several parties or claims, the trial court cannot confer appellate jurisdiction merely by a finding that there is no just reason for delaying enforcement or appeal of the judgment. (Gutenkauf v. Gutenkauf (1979), 69 Ill.App.3d 871, 873, 26 Ill.Dec. 88, 90, 387 N.E.2d 918, 920.) A judgment is final if it determines the litigation on the merits or some definite part thereof so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. (Verdung, 126 Ill.2d at 553, 129 Ill.Dec. at 58, 535 N.E.2d at 823.) The reason for requiring finality of judgments is to prevent a multiplicity of suits and piecemeal appeals. Kinkin v. Marchesi (1991), 213 Ill.App.3d 176, 178, 156 Ill. Dec. 717, 718, 571 N.E.2d 501, 502.
In this case, while the trial court expressly found the contract to be void as a matter of law, no determination was made as to the effect of that finding on the assets remaining in the hands of Eastern Star. In apparent recognition the issue remains open, both parties present argument to this court as to the administrator's ability to recover the decedent's assets transferred pursuant to the voided contract. Such a determination is not within the purview of this court. The function of a reviewing court is limited to review of issues decided by the trial court and cannot be extended to issues not passed upon at trial. (Schultz v. Chicago City Bank & Trust Co. (1943), 384 Ill. 148, 51 N.E.2d *687 140.) The fact that rights to the assets transferred under the contract remains a material controverted issue between the parties indicates no final judgment has been entered. Therefore, this court lacks jurisdiction under the provisions of Rule 304(a).
Similarly, we see no jurisdictional basis for a mandatory appeal under Rule 304(b)(1) (134 Ill.2d R. 304(b)(1)). The applicable provisions of that section provide:
"The following judgments and orders are appealable without the finding required for appeals under paragraph (a) of this rule:
(1) A judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party."
134 Ill.2d R. 304(b)(1).
Not every order entered in an estate proceeding may (or more precisely, must) be immediately appealed. Rule 304(b)(1) promotes efficiency and provides certainty by allowing appeal as to some issues as those issues are resolved during the lengthy procedure of estate administration. (See Yardley v. Yardley (1985), 137 Ill. App.3d 747, 750-51, 92 Ill.Dec. 142, 145, 484 N.E.2d 873, 876.) Orders within the scope of Rule 304(b)(1), even though entered before the final settlement of estate proceedings, must be appealed within 30 days of entry or be barred. (See In re Estate of Kime (1981), 95 Ill.App.3d 262, 268, 50 Ill.Dec. 797, 801, 419 N.E.2d 1246, 1250; 134 Ill.2d R. 303(a)(1).) For purposes of appellate jurisdiction, only those orders which "finally" determine the right or status of a party are subject to Rule 304(b)(1). See, e.g., In re Estate of Hutchins (1984), 120 Ill.App.3d 1084, 1086, 76 Ill.Dec. 556, 557, 458 N.E.2d 1356, 1357 (order denying a motion to vacate an order establishing heirship); In re Estate of Moses (1973), 13 Ill.App.3d 137, 145, 300 N.E.2d 473, 478 (order removing executor); In re Estate of Strong (1990), 194 Ill.App.3d 219, 225, 141 Ill.Dec. 155, 160, 550 N.E.2d 1201, 1206 (order admitting will to probate).
The judgment entered in this case, while determining the invalidity of the contract between decedent and Eastern Star, left pending the issue of the estate's right to recover decedent's assets transferred pursuant to that contract. The judgment fails to finally determine the rights of either Eastern Star or the estate to possession of decedent's assets. Since further proceedings in connection with the administrator's citation to recover property must of necessity be concluded to resolve this issue, the order entered remains interlocutory.
The judgment entered is not a final appealable order and is insufficient to confer jurisdiction on this court under Rule 304. The appeal must therefore be dismissed.
Dismissed.
McCULLOUGH and GREEN, JJ., concur.