NO. 4-03-1073

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

In re: AUSTIN C. AND ALEXIS C., Minors, 

THE PEOPLE OF THE STATE OF ILLINOIS,

Petitioner-Appellee,

v.

LATEASHA SHAFFER,

Respondent-Appellant.

)

)

)

)

)

)

)

))

Appeal from

Circuit Court of

Adams County

Nos. 01JA29

     01JA30

Honorable

John C. Wooleyhan,

Judge Presiding.

_________________________________________________________________

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

In November 2003, the trial court found respondent mother, Lateasha Shaffer, and father, Todd Bommarito, unfit parents and ruled it was in the best interest of Austin C. and Alexis C., Shaffer and Bommarito's children, to terminate Shaffer and Bommarito's parental rights.  Shaffer appeals, and appellate counsel filed a motion to withdraw pursuant to 
Anders v. California
, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967).  After examining appellate counsel's motion to withdraw as counsel on appeal, we deny the motion.

I. BACKGROUND

On September 23, 2001, Adams County sheriff's deputies arrested Shaffer for driving under the influence and aggravated battery to a police officer.  When the deputies arrested Shaffer, Alexis C. and Austin C. (fraternal twins born April 15, 1999) were in Shaffer's vehicle.  Shaffer only had one of the children in a child-restraint seat.    

On September 26, 2001, the State of Illinois (State) filed petitions for the adjudication of wardship for both Alexis C. and Austin C.  The same day, the trial court conducted a shelter-care hearing and ordered the children placed in shelter care "as a matter of immediate and urgent necessity for their own safety."

In December 2001, the trial court heard arguments on the State's petition for adjudication of wardship.  The court found both Alexis C. and Austin C. were neglected as defined by the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/1-1 through 7-1 (West 2002)) based on the following factual bases: (1) Shaffer's parental rights on another child had been terminated; (2) Shaffer had lost custody of yet another child; (3) Shaffer was found intoxicated with Alexis C. and Austin C. in a vehicle; (4) Shaffer fought with the police and tried to start her vehicle to flee from the police; and (5) Shaffer was lodged in jail.  The court found it was contrary to the health, welfare, and safety of Alexis C. and Austin C. to remain in the home with Shaffer.

In January 2002, the trial court ordered Alexis C. and Austin C. to be made wards of the court.  The court granted the Department of Children and Family Services (DCFS) guardianship and custody with the power to place the children.   

In September 2002, DCFS returned the children to Shaffer.  However, DCFS remained the children's guardian.  Shaffer, Shaffer's husband, and the two children were to live with Shaffer's husband's parents in Ursa, Illinois.  Shaffer was told she was not allowed to leave Illinois with the children without an interstate compact, which she did not have.  

In November 2002, Shaffer was arrested in Missouri for driving while intoxicated (DWI).  Alexis C. and Austin C. were in the vehicle with Shaffer at the time.  Neither of the twins, who were only three years old at the time, was in a child-restraint seat.  Once again, DCFS took the children into protective custody.

In March 2003, the State filed motions to terminate Shaffer and Bommarito's parental rights with regard to Alexis C. and Austin C.  In both motions, the State alleged Shaffer was an unfit parent for the following reasons: 

"a) She has failed to make reasonable progress toward the return of the minor[s] within nine months after an adjudication of neglected minor[s] under the Juvenile Court Act[;]

b) she has failed to maintain a reasonable degree of interest, concern[,] or responsibility as to the child[ren's] welfare;

c) she has failed to protect the child[ren] from conditions within the [minors'] environment[,] which are injurious to the [minors'] health and well[-]being."  

Further, the State alleged it would be in the children's best interest to give DCFS the power to consent to the adoption of Alexis C. and Austin C.

In November 2003, the trial court heard evidence and arguments concerning the State's motion to terminate.  The court first heard testimony and arguments on the State's allegations Shaffer and Bommarito were unfit.  As to Bommarito, the court found each of the State's allegations were proved by clear and convincing evidence and found Bommarito unfit with regard to Alexis C. and Austin C.  As for Shaffer, the court addressed all three of the State's allegations concerning Shaffer's fitness.  The court stated the evidence showed between June 2002 and March 2003, Shaffer had made some progress and was doing some of the things required of her.  However, in November 2002, Shaffer moved the children to Missouri without permission and was arrested for DWI.  After that, a lack of contact and visitation occurred between Shaffer and her children.  As a result, the court found the State proved all three of its allegations by clear and convincing evidence and declared Shaffer an unfit parent with regard to Alexis C. and Austin C.

The trial court then heard evidence regarding the best interest of Alexis C. and Austin C.  After hearing the evidence, the court ruled the State proved by clear and convincing evidence it was in the best interest of Alexis C. and Austin C. to terminate the parental rights of both Shaffer and Bommarito.

In December 2003, Shaffer appealed; Bommarito is not a party to this appeal. 

II. ANALYSIS

In March 2004, Shaffer's appellate counsel filed a motion to withdraw as counsel on appeal pursuant to 
Anders
.

A. Clarification of 
In re S.M.

This court previously has set out the proper 
Anders
 procedure in parental rights termination cases.  In 
In re S.M.
, 314 Ill. App. 3d 682, 685-86, 732 N.E.2d 140, 143 (2000), we stated:

"Under 
Anders
, appellate counsel's request to withdraw must, first, 'be accompanied by a brief referring to anything in the record that might arguably support the appeal.'  
Anders
, 386 U.S. at 744, 18 L. Ed. 2d at 498, 87 S. Ct. at 1400.  In other words, appellate counsel must set out any irregularities in the trial process or other potential errors, which, although in his judgment 
are
 
not
 a basis for appellate relief, might arguably be meritorious in the judgment of the client, another attorney, or the court.  Second, if such issues are identified, counsel must (a) sketch the argument in support of the issues that could conceivably be raised on appeal, and then (b) explain why he believes the arguments are frivolous. [Citation.]  Third, counsel must conclude the case presents no viable grounds for appeal. [Citation.]  Fourth, to enable us to properly fulfill our responsibilities under 
Anders
, counsel should include transcripts of the relevant hearings, 
i.e.
, in termination[-] of[-]parental[-]rights cases, the fitness and best[-]interests hearings.

The procedure for appellate counsel to withdraw as outlined in 
Anders
 applies to findings of parental unfitness and termination of parental rights. [Citation.]  Parental rights and responsibilities are of deep human importance and are not terminated lightly. [Citation.]  Termination is only allowed after a separate best[-]interests hearing [citation], after which the trial court concludes the State has proved termination of parental rights is, in fact, in the minor's best interests [citation].  Thus, we conclude as a 
threshold
 
matter
 in these cases, appellate counsel should review both (1) the finding of unfitness and (2) the best[-]interests determination.  To clarify that he or she did so and to assist us in the execution of our duties under 
Anders
, if counsel finds no appealable issue is present as to one of these two stages sufficient to trigger the 
Anders
 procedure above, he or she should so state 
in
 
the
 
introduction
 to the argument portion of the brief, 
i.e.
, state counsel also reviewed the 'X' hearing and concludes no appealable issue whatsoever is presented with respect to it."  (Emphases in original.)

The Second District recently distinguished our decision in 
S.M.
, stating our use of the term "if" in the phrase "if such issues are identified" (
S.M.
, 314 Ill. App. 3d at 685, 732 N.E.2d at 143) "suggests that withdrawing counsel need not always identify a potentially justiciable issue and that the 'sketching of an argument' and an explanation of the argument's frivolity are not required if counsel does not identify any such issue."  
In re Alexa J.
, 345 Ill. App. 3d 985, 988, 803 N.E.2d 7, 10 (2003).  As a result, the Second District chose not to follow our decision in 
S.M.
 on that particular point.  
Alexa J.
, 345 Ill. App. 3d at 988, 803 N.E.2d at 10.  This is a point well taken.  We now clarify that statement in 
S.M.
:  
as
 
to
 
any
 
such
 
issue
 
identified
, counsel must (1) identify the issue, (2) sketch out an argument, and (3) explain the argument's frivolity.

B. Deficiencies in Counsel's 
Anders
 Motion    

In the instant case, we conclude Shaffer's appellate counsel has not followed proper 
Anders
 procedure in attempting to withdraw from this case.  First, appellate counsel does not state if he reviewed the trial court's best-interest determination.  In fact, appellate counsel makes no mention of the court's best-interest finding in his motion.  As we stated in 
S.M.
, "as a threshold matter in these cases, appellate counsel should review both (1) the finding of unfitness and (2) the best[-]interests determination."  (Emphasis omitted.)  
S.M.
, 314 Ill. App. 3d at 685, 732 N.E.2d at 143.  

Second, while appellate counsel addressed the trial court's fitness findings, we find his discussion and argument inadequate.  In his argument, appellate counsel fails to state which of the court's three findings of unfitness he is addressing.  Counsel's argument basically consists of only (1) a brief recitation of case law stating parents have a liberty interest in raising their children and courts should not easily terminate parental rights; (2) some factual details of the case; and (3) a brief discussion of one case, 
In re R.E.
, 317 Ill. App. 3d 227, 738 N.E.2d 1007 (2000), to support counsel's argument it would be frivolous to argue the court's decision regarding Shaffer's fitness was against the manifest weight of the evidence.  

In 
R.E.
, the parents, whose rights were terminated, "had a history of domestic violence requiring police intervention and resulting in two convictions for [the father] for domestic battery prior to [the child's] birth."  
R.E.
, 317 Ill. App. 3d at 229, 738 N.E.2d at 1009.  After the child was born, DCFS became involved with the child after the father tried to punch the mother while she was holding the baby.  
R.E.
, 317 Ill. App. 3d at 229, 738 N.E.2d at 1009.  DCFS was also aware of other instances where the father had abused the mother.  
R.E.
, 317 Ill. App. 3d at 229, 738 N.E.2d at 1009.  In the father's appeal of the termination of his parental rights, he did not "contest the  trial court's factual finding there had been insufficient efforts or progress on his part."  
R.E.
, 317 Ill. App. 3d at 230, 738 N.E.2d at 1009.  Instead, he argued section 1(D)(m) of the Adoption Act (750 ILCS 50/1(D)(m) (West 1998)) did not apply to his situation.  
R.E.
, 317 Ill. App. 3d at 230, 738 N.E.2d at 1009.  Appellate counsel may be correct the trial court's decision declaring Shaffer unfit is clearly not against the weight of the evidence.  However, 
R.E.
 does not provide sufficient support for this argument as it could be distinguished from the facts in this case.

C. 
S.M.
 Plus: Organization and Necessity of Addressing Unfitness Findings in Termination Cases 

 

In the case at bar, the trial court found Shaffer unfit based on the following grounds: (1) failure to make reasonable progress toward the return of the children to her within nine months after an adjudication of neglect, abuse, or dependency; (2) failure to maintain a reasonable degree of interest, concern, or responsibility as to the children's welfare; and (3) failure to protect the children from conditions within their environment injurious to their welfare.  

Under 
Anders
, 386 U.S. at 744, 18 L. Ed. 2d at 498, 87 S. Ct. at 1400, if counsel finds no appealable issue is present as to one or more of the court's findings of unfitness to trigger the 
Anders
 procedure above, he or she should so state 
in
 
the
 
introduction
 to the argument portion of the brief, 
i.e.
, counsel also reviewed the trial court's "X" finding of unfitness and concludes no appealable issue whatsoever is presented with respect to that finding.  Compare 
S.M.
, 314 Ill. App. 3d at 685-86, 732 N.E.2d at 143.  This will, first, clarify for the record that counsel reviewed each finding and, second, assist us in the execution of our duties under 
Anders
.  

By contrast, if appellate counsel determines an unfitness finding warrants 
Anders
 treatment, counsel should state anything in the record that arguably supports an appeal with regard to that finding, sketch out the argument in support of the issue, and then explain why the argument would be frivolous, providing applicable authority in support of his position.  If counsel concludes the argument would be frivolous because at least one of the trial court's other findings of unfitness is clearly not against the manifest weight of the evidence (see 
In re J.T.C.
, 273 Ill. App. 3d 193, 198, 652 N.E.2d 421, 424 (1995) ("It is well settled that a finding of unfitness may be based upon evidence sufficient to support any one statutory ground")), counsel should so state and provide authority as to why the other finding is clearly not against the manifest weight of the evidence.  

An appellate court "is entitled to have the issues clearly defined and to be cited pertinent authority.  A point not argued or supported by citation to relevant authority fails to satisfy the requirements of Rule 341(e)(7) [(Official Reports Advance Sheet No. 21 (October 17, 2001), R. 341(e)(7), eff. October 1, 2001)]."  
Canteen Corp. v. Department of Revenue
, 123 Ill. 2d 95, 111-12, 525 N.E.2d 73, 80 (1988).  A court of review "is not simply a depository into which an appealing party may dump the burden of argument and research."  
In re Estate of Thorp
, 282 Ill. App. 3d 612, 616, 669 N.E.2d 359, 362 (1996).  While we endeavor to expedite cases involving minors (Official Reports Advance Sheet No. 8 (April 14, 2004), R. 306A, eff. July 1, 2004), we need this assistance from counsel to both ensure the record shows counsel properly executed his or her responsibilities and to assist us in executing ours.  

D. Handling Deficient Motions in Termination Cases

Appellate counsel's motion to withdraw does not comply with the procedure we outlined in 
S.M.
 and here.  We have several options to address appellate counsel's noncompliance with this proper 
Anders
 procedure.  First, we could deny the motion with prejudice and order appellate counsel to file an appellate brief.  Second, we could excuse appellate counsel's inadequate motion, review the record ourselves, and then determine whether the trial court's decision should be affirmed.  Third, we could deny appellate counsel's motion to withdraw without prejudice.  We choose this third option.  Shaffer's appellate counsel must either file a brief in support of Shaffer's appeal or must file a motion to withdraw from the appeal following the procedures authorized by 
Anders
 and set forth above.

III. CONCLUSION

For the above-stated reasons, we deny appellate counsel's motion to withdraw as appellate counsel without prejudice.

Motion denied without prejudice.

APPLETON and McCULLOUGH, JJ., concur.