2024 IL App (4th) 230787
NO. 4-23-0787
IN THE APPELLATE COURT
OF ILLINOIS
FOURTH DISTRICT

FILED
May 14, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* ESTATE OF JANICE SUZANNE MEYER, | ) | Appeal from the |
| Deceased | ) | Circuit Court of |
| | ) | Peoria County |
| (Matthew A. Meyer, | ) | No. 23PR5 |
| Petitioner, | ) | |
| v. | ) | Honorable |
| Daniel E. Meyer and John R. Meyer | ) | Frank W. Ierulli, |
| Respondents | ) | Judge Presiding. |
| (Daniel E. Meyer, Respondent-Appellee; John R. Meyer, | ) | |
| Respondent-Appellant)). | ) | |
| | ) | |
| | ) | |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Steigmann and Lannerd concurred in the judgment and opinion.

**OPINION**

¶ 1        John R. Meyer appeals the trial court's order construing the will of decedent,

Janice Suzanne Meyer, and instructing the executor of her estate to allow a parcel of real

property (the Route 150 property) located in Peoria, Illinois, to alone succeed to the ownership of

respondent, Daniel E. Meyer. On appeal, John argues the court erred in construing the will to

find Daniel "resided in" the residence on the Route 150 property at the time of decedent's death,

thereby entitling him to sole ownership of the property under the will. However, we find John

failed to file a timely notice of appeal in compliance with Illinois Supreme Court Rule 304(b)(1) (eff. Mar. 8, 2016) and dismiss the appeal for lack of jurisdiction.

¶ 2                                                    I. BACKGROUND

¶ 3          On January 6, 2023, decedent's will, executed in 1998, was admitted to probate and Matthew A. Meyer was appointed executor of the estate. Decedent's husband predeceased her, and the four named beneficiaries under the will are her four children: John, Daniel, Matthew, and Suzanne Campbell. The will identifies four parcels of real estate as being owned by decedent at the time she executed the will. However, the parties agree that the only parcel of real estate she owned at the time of her death in August 2022 was the Route 150 property. The fifth clause of the will, *i.e.*, the only portion of the will relevant to the issue raised on appeal, describes how the decedent's real estate is to be divided among her four children:

> "I give and bequeath said parcels of real estate to my Children who
>
> survive me, in equal parts, provided however \*\*\*, that in the event a Child
>
> of mine is residing in a residential structure on one of the parcels of real
>
> estate \*\*\*, then that Child of mine shall alone succeed to the ownership of
>
> that parcel of real estate, and a corresponding adjustment shall be made in
>
> the division among my Children of other parcels of real estate so that my
>
> other Children will receive a larger fractional interest in the other parcels
>
> of real estate than the fractional interest received by such Child or
>
> Children. For purposes of a distribution to a Child of mine by virtue of the
>
> residency of that Child in a parcel of real estate, the value of the
>
> distribution shall be the value of that parcel for federal estate tax purposes
>
> as determined in the federal estate tax proceeding involving my estate[,]

and the value of any other parcels of real estate for federal estate tax purposes as determined in the federal estate tax proceeding involving my estate shall be used to determine the economic equality in making the equal division among my Children."

¶ 4 On January 25, 2023, Matthew, as executor, filed a "Petition for Instructions," requesting the trial court to determine whether Daniel was "residing in" the residence at the Route 150 property at the time of decedent's death, such that he was entitled to alone succeed to the ownership of the property under the will. Matthew maintained there was a genuine issue as to whether Daniel was residing in the residence at the time of decedent's death because (1) Daniel received a real estate tax exemption on a home he owned in Alaska, and the tax exemption applied only to properties "owned and occupied as the primary place of residence and permanent place of abode by the resident for at least 185 days per year"; (2) Daniel was employed in Alaska and "spen[t] only a portion of each year in Peoria"; and (3) Daniel received payments from the Alaska Permanent Dividend Fund, which were only available to those who had been a resident of Alaska for the entire preceding year. Matthew also requested that the court, assuming it determined Daniel was entitled to sole ownership of the Route 150 property, "instruct [him] as to what actions, if any, he should take to equalize the distribution of the estate among the Decedent's children, to accomplish the intent of the Decedent, as provided in the Fifth Clause of the Will."

¶ 5 On June 8, 2023, the trial court conducted an evidentiary hearing on the petition for instructions. Daniel, Daniel's wife, and Matthew testified at the hearing. Following the presentation of the evidence, the court found "Dan[iel] is residing on this structure—on this

property, this residential structure at the time of the death of his mother and that he would be taken [*sic*] under this clause of the will."

¶ 6        On June 14, 2023, the trial court entered a written order finding the Route 150 property "shall alone succeed to the ownership of Daniel" and instructing that the will "shall be enforced consistent with the findings herein that Daniel *** was residing in the residential structure at the Route 150 property at the time of Testator's death." In the written order, the court also reserved the issue of what actions, if any, the executor should take with respect to the equalization provision in the will.

¶ 7        On August 10, 2023, the trial court conducted a hearing on the reserved issue of the potential equalization of distributions in the fifth clause. The next day, the court entered a written order finding the equalization of distributions provision did not apply due to there being no other real estate owned by decedent at the time of her death.

¶ 8        On September 7, 2023, counsel for John filed an entry of appearance, and John filed a notice of appeal the following day. John indicated in the notice of appeal that he was appealing both the June 14, 2023, order and the August 11, 2023, order.

¶ 9        This appeal followed.

¶ 10                              II. ANALYSIS

¶ 11        On appeal, John argues "the trial court committed reversible error in its construction of the phrase 'resided in' as utilized in the fifth clause of the decedent's will." Before reaching John's argument, we must first address Daniel's motion to dismiss the appeal for a lack of appellate jurisdiction, which was taken with the case. See, *e.g.*, *In re Estate of Devey*, 239 Ill. App. 3d 630, 632 (1993) (noting that an appellate court has an obligation to

determine its jurisdiction). "Appellate jurisdiction is a question of law that we review *de novo*." *Dilenbeck v. Dilenbeck-Brophy*, 2020 IL App (3d) 190541, ¶ 20.

¶ 12    In his motion to dismiss the appeal and supporting memorandum, Daniel argues we lack jurisdiction of the appeal of the trial court's June 14, 2023, order because John did not file his notice of appeal until September 8, 2023, which was well beyond the 30-day deadline provided by Illinois Supreme Court Rule 304(b)(1) (eff. Mar. 8, 2016). See Ill. S. Ct. R. 303 (eff. July 1, 2017). Daniel asserts that although the court's order reserved the issue of what actions, if any, the executor should take to equalize the distribution of the estate's assets, the order was nonetheless final and appealable because the reserved issue of equalization was "separate and distinct from the adjudicated issue of ownership of the real estate[,] and any decision on the question of equalization of distributions ha[d] no effect, directly or indirectly, on the trial court's construction of the Will regarding ownership of the Route 150 parcel."

¶ 13    John responded to Daniel's motion by arguing the June 14, 2023, order did not become final and appealable until the trial court entered the August 11, 2023, order, because the issues of ownership and equalization "are inextricably intertwined." John contends that Daniel's "rights in and to the real estate [after the court entered the June 14, 2023, order] were not final[,] as the Court could have, when ruling on equalization, entered an order effecting [*sic*] the nature of [Daniel's] rights and interest in the real estate." He further asserts by way of example that the court could have required Daniel "to reimburse the estate in an amount necessary to equalize the distribution between the parties or [it could have] taken other actions which could have affected his rights."

¶ 14        Rule 304(b) lists several types of orders that are appealable without a finding by the trial court that there is no just reason for delaying enforcement or appeal, even when the order does not dispose of the entire proceeding. It provides, in pertinent part, the following:

> "(b) Judgments and Orders Appealable Without Special Finding.
> The following judgments and orders are appealable without the finding required for appeals under paragraph (a) of this rule:
>
>> (1) A judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party." Ill. S. Ct. R. 304(b)(1) (eff. Mar. 8, 2016).

The committee comments to the rule state that subparagraph (b)(1) applies to orders that "are final in character although entered in comprehensive proceedings that include other matters." Ill. S. Ct. R. 304, Committee Comments (rev. Sept. 1988). "Orders within the scope of Rule 304(b)(1), even though entered before the final settlement of estate proceedings, *must* be appealed within 30 days of entry or be barred." (Emphasis in original.) *Devey*, 239 Ill. App. 3d at 633. "A central reason behind making the time for appeal of such orders mandatory, not optional, is that certainty as to some issues is a necessity during the lengthy procedure of estate administration." *In re Estate of Thorp*, 282 Ill. App. 3d 612, 616 (1996). "Without the Rule 304(b)(1) exception, an appeal would have to be brought after an estate was closed, the result of which may require reopening the estate and marshalling assets that have already been distributed." *Id.* at 616-17.

¶ 15        Here, the petition for instructions sought clarification on two issues—namely, (1) whether Daniel "resided in" the residence on the Route 150 property at the time of the

decedent's death, entitling him to sole ownership of the property, and (2) if Daniel were entitled to sole ownership, what actions, if any, should the executor "take to equalize the distribution of the estate" among the beneficiaries. On June 14, 2023, the trial court entered an order finding Daniel was residing in the residence on the Route 150 property and the property "shall alone succeed to the ownership of Daniel *** and that [the fifth clause of the will] shall be enforced consistent with" the court's finding. In that order, the court also reserved the issue as to the equalization of distribution. On August 11, 2023, the court entered an order on the reserved issue, finding "the equalization of distribution provision in the Will is not applicable in this case due to there being no 'other real estate' owned by the Testator at the time of her death." John filed his notice of appeal on September 8, 2023.

¶ 16        We agree with Daniel that the trial court's June 14, 2023, order was a final order for purposes of Rule 304(b)(1), requiring John to file his notice of appeal within 30 days of its entry. Ill. S. Ct. R. 304(b)(1) (eff. Mar. 8, 2016); R. 303 (eff. July 1, 2017). The court's order construed the will to find Daniel was residing in the residence at the Route 150 property at the time of decedent's death and that the property "shall alone succeed to [his] ownership." See *Houghtaylen v. Russell D. Houghtaylen By-Pass Trust*, 2017 IL App (2d) 170195, ¶ 14 ( "[A] court order construing a will and directing the transfer of property pursuant to that will must be promptly appealed under Rule 304(b)(1), or not at all."). In so directing the executor, the court finally determined the rights of all interested parties—the four named beneficiaries—with respect to the disposition of the Route 150 property. See, *e.g.*, *In re Estate of Yucis*, 382 Ill. App. 3d 1062, 1069 (2008) ("A final order is one that disposes of the rights of the parties either with respect to the entire controversy *or some definite and separate portion thereof*." (Emphasis added and internal quotation marks omitted.)). Daniel would inherit the Route 150 property,

while the remaining beneficiaries would receive no interest in it at all. See *id.* (finding that an order for sale of property in an estate proceeding finally determines the interested party's right to possess the property and constitutes a final order under Rule 304(b)(1)); *Thorp*, 282 Ill. App. 3d at 617 (holding the court's order directing the executor to sell a piece of real estate was a final order for purposes of Rule 304(b)(1), even though "the exact dollar amounts to be received by the legatees were yet to be ascertained"). The court's order did not contemplate any further action or condition precedent to Daniel taking ownership of the Route 150 property. Therefore, we find the June 14, 2023, order was final for purposes of Rule 304(b)(1), and John's appeal of that order, filed on September 8, 2023, was untimely. See Ill. S. Ct. R. 304(b)(1) (eff. Mar. 8, 2016).

¶ 17 Contrary to John's assertion that the issues of ownership and equalization "are inextricably intertwined," such that the first order did not become final and appealable until entry of the second order, the trial court's determination of the equalization issue had no bearing on whether Daniel was entitled to inherit the property. The will plainly provides that in the event one beneficiary "alone succeed[s] to the ownership of [a] parcel of real estate, *** a corresponding adjustment shall be made *in the division *** of other parcels of real estate*" listed in the will. (Emphasis added.). Clearly, the equalization provision only applies to the distribution of the other parcels of real estate listed in the will. It is undisputed the Route 150 property was the estate's only parcel of real estate, meaning the equalization provision of the will simply does not apply under these circumstances. Hypothetically, even if the estate owned other parcels of real property, construction of the equalization provision would still have no impact on the interested parties' rights to the Route 150 property. The equalization provision would only operate to give Daniel a lesser interest in the other properties. In that circumstance, he would still

be entitled to inherit the Route 150 property, and the remaining beneficiaries would still have no beneficial interest in it. Thus, despite the court reserving the issue of equalization in its June 14, 2023, order, the issue of who should inherit the Route 150 property was finally determined in that same order, making it immediately appealable under Illinois Supreme Court Rule 304(b)(1) (eff. Mar. 8, 2016). We repeat here the admonition by this court in *Devey*: "Orders within the scope of Rule 304(b)(1), even though entered before the final settlement of estate proceedings, *must* be appealed within 30 days of entry or be barred." (Emphasis in original.) *Devey*, 239 Ill. App. 3d at 633.

¶ 18  In closing, we note that although John indicated in his notice of appeal that he was also appealing the trial court's August 11, 2023, order finding that there should be no equalization of distributions, he has raised no argument on appeal challenging that order. Instead, he argues error only as to the June 14, 2023, order. Accordingly, because he failed to file his notice of appeal within 30 days of the June 14, 2023, order, we lack jurisdiction and must dismiss the appeal. See *id.*

¶ 19         III. CONCLUSION

¶ 20  For the reasons stated, we dismiss the appeal for lack of jurisdiction.

¶ 21  Appeal dismissed.

*In re Estate of Meyer*, 2024 IL App (4th) 230787

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Peoria County, No. 23-PR-5; the Hon. Frank W. Ierulli, Judge, presiding. |
| **Attorneys for Appellant:** | Blake A. Mishler, of Black, Black & Brown, of Metamora, for appellant. |
| **Attorneys for Appellee:** | Timothy J. Cassidy, of Cassidy & Mueller P.C., of Peoria, for appellee. |