NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250575-U

NO. 4-25-0575

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 8, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* ESTATE OF WANDA R. BIDDLE, Deceased, | ) | Appeal from the |
| | ) | Circuit Court of |
| (Amanda Biddle-Anderson, | ) | Mercer County |
|       Plaintiff-Appellee, | ) | No. 23PR27 |
|       v. | ) | |
| Ricardo Tejano and Jody Tejano, | ) | Honorable |
|       Defendants-Appellants). | ) | Matthew W. Durbin, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Zenoff and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court dismissed for lack of jurisdiction.

¶ 2    In November 2024, plaintiff, Amanda Biddle-Anderson, filed a complaint alleging defendant, Ricardo Tejano, and Ricardo's wife, defendant, Jody Tejano, misappropriated funds owned by decedent, Wanda R. Biddle, while Ricardo was acting as Wanda's financial power of attorney. The primary allegations were Ricardo obtained Wanda's funds and defendants used her funds to construct a house for the benefit of Wanda and defendants' daughter but then deeded the house to themselves. Ricardo's defense was his assertion Wanda had fears her ex-husband would be able to obtain the property if it were titled in her name. Ricardo initially was the executor of Wanda's estate and did not include the house or other money he obtained in the estate. The trial court subsequently removed Ricardo as executor and appointed plaintiff in his place. Among the relief plaintiff sought were awards of punitive

damages and attorney fees.

¶ 3        Following discovery, the trial court, applying the Dead-Man's Act (735 ILCS 5/8-201 *et seq.* (West 2024)), disallowed evidence of conversations defendants had with Wanda about the house. The court then granted plaintiff's motion for summary judgment, finding there was no issue of material fact defendants violated their fiduciary duties. The court entered a monetary judgment, barred Ricardo from claiming any interest in the estate, and ordered the creation of a constructive trust for the house and any remaining assets. The court appointed plaintiff as the administrator of the trust. The court also ordered defendants to sign any necessary documents to comply with the order. However, the court reserved ruling on issues of punitive damages and attorney fees.

¶ 4        On appeal, defendants contend the trial court erred in disallowing evidence under the Dead-Man's Act and granting the motion for summary judgment. We dismiss the appeal because the record shows a premature appeal due to the lack of a final order when the court reserved ruling on the issues of punitive damages and attorney fees.

¶ 5                              I. BACKGROUND

¶ 6        Plaintiff is a daughter of Wanda. In November 2024, plaintiff filed a pleading titled "Second Amended Third Party Complaint For Conversion, Fraud, Imposition of Constructive Trust, and Other Relief." In the complaint, which cited section 2-7 of the Illinois Power of Attorney Act (755 ILCS 45/2-7 (West 2024)), plaintiff alleged Ricardo, while acting under a power of attorney, fraudulently converted Wanda's money and used her funds to construct a house that was deeded to defendants. The complaint further alleged defendants acted in a willful, reckless, and fraudulent manner, warranting an award of punitive damages against them for willful, wrongful, and vexatious conduct. For relief, the complaint sought (1) judgment

against defendants for the monetary amount converted, (2) an order barring Ricardo from receiving any benefit due to Wanda's death, (3) an order directing the sale of the house, with the proceeds reimbursed to the estate, (4) attorney fees and costs, and (5) punitive damages.

¶ 7 In January 2025, plaintiff filed a motion *in limine* seeking, under the Dead-Man's Act, to bar evidence of any conversations between defendants and Wanda concerning the house and the use of her funds. The trial court granted the motion.

¶ 8 Plaintiff also filed a motion for summary judgment listing money Ricardo took possession of under the power of attorney and stating it was undisputed defendants were the sole owners of the house under the deed. Plaintiffs alleged a presumption of fraud applied that was not rebutted as a matter of law. Plaintiff requested the trial court (1) enter a judgment against defendants for the monetary amount converted, (2) order Ricardo barred from receiving any benefit due to Wanda's death, and (3) impose a constructive trust on the house and authorize plaintiff to sell the property and distribute it to the estate's beneficiaries. Plaintiff asked the court to reserve the issues of punitive damages and attorney fees for further hearing.

¶ 9 On May 21, 2025, the trial court granted plaintiff's motion for summary judgment, finding there was no issue of material fact defendants violated their fiduciary duties. The court entered a monetary judgment, barred Ricardo from claiming any interest in the estate, and ordered the creation of a constructive trust for the house and any remaining assets. The court appointed plaintiff the administrator of the trust subject to court review and supervision. The court also ordered defendants to sign any necessary documents to comply with the order. However, the court stated, "Further issues regarding attorney fees and other reserved issues, including any further disgorgement of held assets by the Defendants, shall be set by the parties through the Mercer County Circuit Clerk's Office in coordination with all attorneys and parties

of this action."

¶ 10        On June 6, 2025, defendants filed their notice of appeal. The record does not reflect any subsequent ruling by the trial court on plaintiff's request for attorney fees and punitive damages.

¶ 11        On June 20, 2025, plaintiff filed a motion to enforce the order, seeking authorization of the trial court to sell the house and an order requiring defendants to transfer title to the house. Defendants filed a motion to stay judgment pending appeal and for an extension of time for obtaining an appeal bond. Written orders on those motions do not appear in the record, although a report of proceedings indicates the court denied the motions to stay and for an extension of time to obtain an appeal bond and granted the motion to enforce the order.

¶ 12                              II. ANALYSIS

¶ 13        On appeal, defendants contend the trial court erred in disallowing evidence under the Dead-Man's Act and granting plaintiff's motion for summary judgment. Without providing analysis or a discussion of the court's reservation of issues concerning punitive damages and attorney fees, defendants state this court has jurisdiction under Illinois Supreme Court Rule 304(b)(1) (eff. Mar. 8, 2016). We disagree and dismiss the appeal for lack of jurisdiction.

¶ 14        "A reviewing court has a duty to ascertain its jurisdiction before proceeding in a cause of action and must dismiss the appeal if the court lacks jurisdiction." *In re Estate of York*, 2015 IL App (1st) 132830, ¶ 19. Generally, our jurisdiction is limited to reviewing appeals from final judgments. *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989).

¶ 15        Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) provides if multiple claims are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all claims only if the trial court makes an express written finding there is no just

reason to delay enforcement or appeal or both. A "claim" is any right, liability, or matter raised in an action. *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 465 (1990). Without a Rule 304(a) finding, a final order disposing of fewer than all claims is not an appealable order and does not become appealable until all of the claims are resolved. *Id.* at 464.

¶ 16    Rule 304(b)(1) provides an exception to Rule 304(a), whereby "[a] judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party" is appealable without the finding required under Rule 304(a)."Orders within the scope of Rule 304(b)(1), even though entered before the final settlement of estate proceedings, must be appealed within 30 days of entry or be barred." *Stephen v. Huckaba*, 361 Ill. App. 3d 1047, 1051 (2005). " 'A central reason behind making the time for appeal of such orders mandatory, and not optional, is that certainty as to some issues is a necessity during the lengthy procedure of estate administration.' " *Id.* (quoting *in re Estate of Kime*, 95 Ill. App. 3d 262, 268 (1981)). "Without the Rule 304(b)(1) exception, an appeal would have to be brought after an estate was closed, the result of which might require reopening the estate and marshaling assets that have already been distributed." *Id.* "That result would be both impractical and inefficient." *Id.*

¶ 17    However, "not every order entered in an estate proceeding may be immediately appealed." *In re Estate of Vogt*, 249 Ill. App. 3d 282, 285 (1993). "Only final orders fit within Rule 304(b)(1)." *Stephen*, 363 Ill. App. 3d at 1051. "It is not necessary that the order resolve all matters in the estate, but it must resolve all matters on the particular issue." *Id.* "A judgment is final for appeal purposes if it determines the litigation on the merits or some definite part thereof so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *Verdung*, 126 Ill. 2d at 553. This court, in applying Rule 304(b)(1), has stated a final order is one

- 5 -

that disposes of the rights of the parties either with respect to the entire controversy or some definite and separate portion of it. *In re Estate of Prunty*, 2018 IL App (4th) 170455, ¶ 20.

¶ 18    The committee comments to Rule 304(b)(1) state, "Subparagraph (1) applies to orders that are final in character although entered in comprehensive proceedings that include other matters. Examples are an order admitting or refusing to admit a will to probate, appointing or removing an executor, or allowing or disallowing a claim." Ill. S. Ct. R. 304, Committee Comments (rev. Sept. 1988). Thus, a court order directing the transfer of property under a will generally is a final order for purposes of Rule 304(b). *Houghtaylen v. Russell D. Houghtaylen By-Pass Trust*, 2017 IL App (2d) 170195, ¶ 14; see *In re Estate of Yucis*, 382 Ill. App. 3d 1062, 1069 (2008) (finding an order for sale of property in an estate proceeding finally determines the interested party's right to possess the property and constitutes a final order under Rule 304(b)(1)); see also *In re Estate of Jackson*, 354 Ill. App. 3d 616, 619 (2004) (a determination a party had no right to a property and the property belonged to the estate was a final order under Rule 304(b)(1)).

¶ 19    Likewise, this court has held an order determining the rights to a property with respect to the disposition of the property is a final order under Rule 304(b)(1). *In re Estate of Meyer*, 2024 IL App (4th) 230787, ¶ 16; see *In re Estate of Thorp*, 282 Ill. App. 3d 612, 617 (1996) (holding the trial court's order directing the executor to sell a piece of real estate was a final order for purposes of Rule 304(b)(1), even though "the exact dollar amounts to be received by the legatees were yet to be ascertained"). However, those cases did not involve the reservation of a determination of issues directly related to the claims, such as a reservation of a ruling on punitive damages and attorney fees. Instead, in both *Meyer* and *Thorp*, this court specifically noted the trial court's orders did not contemplate further action regarding the issues. *Meyer*, 2024

IL App (4th) 230787, ¶ 16; *Thorp*, 282 Ill. App. 3d at 617.

¶ 20      Here, the trial court's order made determinations regarding matters that normally would fall under Rule 304(b)(1) had the court finally determined them. However, the court here did not finally determine the matters or the overarching claim seeking relief for breach of a fiduciary duty because it reserved ruling on the directly related issues of punitive damages and attorney fees. As previously stated, only final orders fit within Rule 304(b)(1), and while it is not necessary the order resolve all matters in the estate, it must resolve all matters on the particular issue appealed. *Stephen*, 363 Ill. App. 3d at 1051. The court here did not do so. By reserving ruling on the issues of punitive damages and attorney fees, the court did not finally decide a definite and separate portion of the controversy or finally determine the rights or statuses of the parties. Without a ruling on the outstanding issues directly related to the matters at issue, there was a lack of a final order. Accordingly, we dismiss the appeal for lack of jurisdiction.

¶ 21      We note defendants can timely file a notice of appeal upon the resolution of the pending issues. However, if the motion and the pending claims have been resolved during the pendency of this appeal and the time to file a new notice of appeal has expired, Illinois Supreme Court Rule 303(a)(2) (eff. July 1, 2017) allows defendants to establish the effectiveness of the present notice of appeal. In such case, defendants may file a petition for rehearing and seek to supplement the record with evidence of this court's jurisdiction to consider the merits of their appeal. See *In re Marriage of Knoerr*, 377 Ill. App. 3d 1042, 1050 (2007).

¶ 22                          III. CONCLUSION

¶ 23      For the reasons stated, we dismiss the appeal for lack of jurisdiction.

¶ 24      Appeal dismissed.