NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 220143-U

NO. 4-22-0143

IN THE APPELLATE COURT

FILED
June 28, 2022
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| *In re* A.K., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Winnebago County |
| Petitioner-Appellee, | ) | No. 21JA223 |
| v. | ) | |
| Kevin K., | ) | Honorable |
| Respondent-Appellant). | ) | Francis M. Martinez, |
| | ) | Judge Presiding. |

---

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Knecht and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*:    The appellate court granted appellate counsel's motion to withdraw and affirmed
the trial court's judgment terminating respondent's parental rights, as no
meritorious issues could be raised on appeal.

¶ 2         In February 2022, the trial court entered an order terminating the parental rights of

respondent, Kevin K., as to his minor child, A.K. (born June 2, 2021). Respondent appealed.

Respondent's counsel subsequently filed a motion to withdraw pursuant to *Anders v. California*,

386 U.S. 738 (1967), asserting no meritorious issues can be raised on appeal. We grant counsel's

motion to withdraw and affirm the trial court's judgment.

¶ 3                              I. BACKGROUND

¶ 4         On June 7, 2021, the State filed a petition for adjudication of wardship with

respect to A.K. The State alleged A.K. was neglected because she was born with cocaine in her

system and her mother, Renee C., had an unresolved substance abuse issue. 705 ILCS 405/2-3(1)(b), (c) (West 2018). Renee C. is not a party to the instant appeal. The trial court subsequently entered orders finding A.K. was neglected and making her a ward of the court.

¶ 5         In January 2022, the State filed a petition seeking a finding of unfitness and termination of respondent's parental rights. The State alleged respondent was unfit within the meaning of section 1(D) of the Adoption Act (750 ILCS 50/1(D)(b) (West 2018)) because he failed to maintain a reasonable degree of interest, concern, or responsibility as to A.K.'s welfare. The State further alleged termination of respondent's parental rights was in A.K.'s best interest.

¶ 6         On February 8, 2022, the trial court conducted a fitness and best-interest hearing on the State's petition. Respondent failed to appear at the hearing.

¶ 7         With respect to the fitness portion of the hearing, the State presented the testimony of A.K.'s caseworker, Micayla Moeller, and introduced an integrated assessment and respondent's service plans into evidence without objection. Micayla Moeller, a foster care supervisor with Children's Home and Aid (CHA), had supervised A.K.'s case since it was assigned to CHA on July 13, 2021. On July 14, 2021, a worker Moeller supervised attempted to contact respondent by calling a phone number he reportedly shared with Renee C. Renee C. answered the phone call but said that "she was in the middle of doing laundry and would need to *** call the worker right back." Moeller never received a return phone call, and she had no further contact with either parent despite numerous attempts to contact them. Moeller testified respondent's service plan required him to cooperate with the agency, complete a substance abuse assessment and complete all treatment recommendations, and comply with random drug screenings. At the time of the hearing, respondent had made no progress on his service plan.

Moeller further testified that respondent had not visited A.K. or inquired about her well-being since her birth.

¶ 8    Following the presentation of the evidence, the trial court found that the State had proven respondent unfit for failing to maintain a reasonable degree of interest, concern, or responsibility as to A.K.'s welfare. The court stated as follows:

"I think it's safe to say given the evidence that's been tendered to the Court through testimony is that [respondent] has failed to maintain any degree of interest, concern, or responsibility.

He has not visited the child; he has not engaged in services; he has not had any contact with the agency or minimal contact, if any; he has not offered any support; he has shown no interest, concern, or responsibility over this minor, and the State has proven the one and only count by clear and convincing evidence."

¶ 9    After announcing its fitness determination, the trial court proceeded to the best-interest portion of the termination proceedings. The State again presented the testimony of Moeller, and the court took judicial notice of Moeller's best-interest report without objection.

¶ 10    Moeller testified A.K. had been living in a licensed foster home since she was released from the hospital on June 22, 2021. Moeller stated there were no concerns with the placement because the home was "consistently safe and appropriate" and A.K. was "consistently fed, well-dressed, cared for, loved," and "tended to by both foster parents." Moeller indicated the foster parents had expressed their willingness to provide A.K. with permanency through adoption. In addition, the foster parents coordinated monthly visits between A.K. and her two biological sisters, who were in separate placements. Moeller testified that allowing A.K. to

remain in substitute care "could be detrimental to the bond attachment and development of [the] minor."

¶ 11　　　　Following the presentation of the evidence, the trial court determined it was in A.K.'s best interest to terminate respondent's parental rights.

¶ 12　　　　On February 14, 2022, respondent filed a motion for rehearing of the termination hearing. Respondent alleged that on February 7, 2022, he informed his counsel "he would be present for the termination of parental rights hearing on February 8, 2022." Respondent attached to the motion an email he sent to his counsel on February 8, 2022, which stated, "I'm here went to the wrong court house [*sic*]."

¶ 13　　　　On February 22, 2022, the trial court conducted a hearing on respondent's motion. Respondent failed to appear. Respondent's counsel informed the court that he had emailed respondent the date, time, and location of the hearing and left him two voicemails containing the same information. The court denied respondent's motion due to his failure to appear.

¶ 14　　　　This appeal followed. As stated, respondent's counsel subsequently filed a motion to withdraw pursuant to *Anders*, 386 U.S. at 738, asserting no meritorious issues can be raised on appeal. This court then granted respondent leave to file a response to counsel's motion. Respondent did not file a response.

¶ 15　　　　　　　　　　　　　　II. ANALYSIS

¶ 16　　　　Appellate counsel moves to withdraw on the basis no meritorious argument can be raised on appeal. Counsel has attached a memorandum in support of that motion. See *In re Austin C.*, 353 Ill. App. 3d 942, 945 (2004) (citing *In re S.M.*, 314 Ill. App. 3d 682, 685-86 (2000), and stating the proper *Anders* procedure in parental-termination cases). Specifically,

counsel asserts no argument can be made the trial court erred in finding respondent unfit or terminating his parental rights.

¶ 17                              A. Fitness Determination

¶ 18         Counsel contends no colorable argument can be made the trial court erred in finding respondent to be an unfit parent within the meaning of the Adoption Act. "A reviewing court will not reverse a trial court's fitness finding unless it was contrary to the manifest weight of the evidence, meaning that the opposite conclusion is clearly evident from a review of the record." *In re A.L.*, 409 Ill. App. 3d 492, 500 (2011).

¶ 19         In a proceeding to terminate parental rights, the State must first prove by clear and convincing evidence that the parent is unfit. *In re Donald A.G.*, 221 Ill. 2d 234, 244 (2006). The trial court, in making this determination, considers whether the parent's conduct falls within one or more of the unfitness grounds described in section 1(D) of the Adoption Act (750 ILCS 50/1(D) (West 2018)). *In re D.D.*, 196 Ill. 2d 405, 417 (2001). Section 1(D)(b) of the Adoption Act (750 ILCS 50/1(D)(b) (West 2018)) provides that a parent may be found unfit for failing to "maintain a reasonable degree of interest, concern[,] or responsibility" as to their child's welfare. "A finding of unfitness under ground (b) is based on a subjective analysis." *In re Nicholas C.*, 2017 IL App (1st) 162101, ¶ 24. This ground focuses on the reasonableness of the parent's efforts rather than the parent's success. *Id.* "However, simply because a parent demonstrates some interest or affection toward her child does not render her fit under this ground; rather, her interest, concern, and/or responsibility must be reasonable." *Id.* "Noncompliance with an imposed service plan *** and infrequent or irregular visitation with the child have all been held to be sufficient evidence warranting a finding of unfitness under subsection (b)." *In re Jaron Z.*, 348 Ill. App. 3d 239, 259 (2004).

¶ 20        Here, the evidence presented at the fitness hearing established that respondent failed to maintain any degree of interest, concern, or responsibility as to A.K.'s welfare. Moeller testified that despite numerous attempts to contact respondent, she had had no contact with him during the case. Moeller further testified that respondent had not visited A.K. since her birth or inquired about her well-being at any time. Respondent's service plan required him to cooperate with the agency, complete a substance abuse assessment and complete all treatment recommendations, and comply with random drug screenings. However, at the time of the hearing, respondent had made no progress on his service plan. Based on this evidence, we agree that no argument can be made the trial court erred in finding respondent unfit.

¶ 21                        B. Best-Interest Determination

¶ 22        Counsel contends no colorable argument can be made the trial court erred in determining it was in A.K.'s best interest to terminate respondent's parental rights. We will not disturb the trial court's best-interest determination unless it was against the manifest weight of the evidence, which occurs only when "the facts clearly demonstrate that the court should have reached the opposite conclusion." *In re Jay H.*, 395 Ill. App. 3d 1063, 1071 (2009).

¶ 23        "Following a finding of unfitness ***, the focus shifts to the child. The issue is no longer whether parental rights *can* be terminated; the issue is whether, in light of the child's needs, parental rights *should* be terminated." (Emphases in original.) *In re D.T.*, 212 Ill. 2d 347, 364 (2004). Thus, at the best-interest stage of termination proceedings, "the parent's interest in maintaining the parent-child relationship must yield to the child's interest in a stable, loving home life." *Id.* The State bears the burden of proving by a preponderance of the evidence that termination of parental rights is in the child's best interest. See *Jay H.*, 395 Ill. App. 3d at 1071. The Juvenile Court Act of 1987 lists several factors the court should consider when making a

best-interest determination. 705 ILCS 405/1-3(4.05) (West 2018). These factors, considered in the context of the child's age and developmental needs, include the following:

> "(1) the child's physical safety and welfare; (2) the development of the child's identity; (3) the child's background and ties, including familial, cultural, and religious; (4) the child's sense of attachments, including love, security, familiarity, and continuity of affection, and the least-disruptive placement alternative; (5) the child's wishes; (6) the child's community ties; (7) the child's need for permanence, including the need for stability and continuity of relationships with parental figures and siblings; (8) the uniqueness of every family and child; (9) the risks related to substitute care; and (10) the preferences of the persons available to care for the child." *Jay H.*, 395 Ill. App. 3d at 1071 (citing 705 ILCS 405/1-3(4.05) (West 2008)).

¶ 24 Here, the evidence presented at the best-interest hearing established A.K. had been living with her foster parents since birth. Moeller testified there were no concerns with the placement because the home was "consistently safe and appropriate" and A.K. was "consistently fed, well-dressed, cared for, loved," and "tended to by both foster parents." The foster parents indicated their intention to provide A.K. with permanency through adoption and expressed their willingness to continue to coordinate monthly visits between A.K. and her two biological sisters. Moeller further testified that any additional delay to permanency would be disruptive to A.K.'s development. Based on this evidence, we agree that no argument can be made the trial court erred in finding termination of respondent's parental rights was in A.K.'s best interest.

¶ 25                                    III. CONCLUSION

¶ 26　　　　　　For the reasons stated, we grant appellate counsel's motion to withdraw and affirm the trial court's judgment.

¶ 27　　　　　　Affirmed.