NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230853-U

NO. 4-23-0853

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 13, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| ROBERT D. YOUNG, | ) | No. 23CM315 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Frank R. Fuhr, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Doherty and Lannerd concurred in the judgment.

**ORDER**

¶ 1     *Held*: (1) Appellate review of the denial of a petition to deny pretrial release is possible
only if the record contains the petition.

(2) A threshold requirement for pretrial detention is that the defendant is charged
with a detention-eligible offense listed in section 110-6.1(a) of the Code of Criminal
Procedure of 1963 as amended by Public Acts 101-652, § 10-255 and 102-1104,
§ 70 (eff. Jan. 1, 2023) (725 ILCS 5/110-6.1(a) (West 2022)).

¶ 2     In the Rock Island County circuit court, the State petitioned to deny pretrial release

to defendant, Robert D. Young. The court denied the State's petition. Pursuant to section 110-

6.1(k) of the Code of Criminal Procedure of 1963 as amended by Public Acts 101-652, § 10-255

and 102-1104, § 70 (eff. Jan. 1, 2023) (725 ILCS 5/110-6.1(k) (West 2022)), the State appeals.

We affirm the court's decision because the record appears to lack the petition—an omission that,

in and of itself, is a sufficient reason for affirmance—and also because defendant is not charged

with any of the detention-eligible offenses listed in section 110-6.1(a) (*id.* § 110-6.1(a)).

¶ 3                                    I. BACKGROUND

¶ 4          On September 21, 2023, the State charged defendant with one count of possessing drug paraphernalia, a Class A misdemeanor (720 ILCS 600/3.5(a) (West 2022)), and one count of criminal trespass to real property, a Class B misdemeanor (720 ILCS 5/21-3(a)(2) (West 2022)).

¶ 5          On a date that appears to be undisclosed by the record, the State filed a petition to deny pretrial release.

¶ 6          On September 22, 2023, the circuit court held a hearing on the State's petition. Defense counsel argued that, given the present charges, defendant was "non-detainable." The court noted that charges were pending against defendant in other cases as well but that, partly because of defendant's failure to appear, "I don't think he had ever been arraigned and given any of the conditions of bond until two days ago." The court decided, "[B]ecause he had never been served with any of the previous conditions of bond, I can't make the finding that he's a danger to the community for failing to follow the conditions of bond. So he's going to be released."

¶ 7                                    II. ANALYSIS

¶ 8          The State argues, "The current case is a Class A Misdemeanor[,] which defendant committed while the Trial Court was attempting to arraign the defendant on a prior Class A Misdemeanor." The State says "attempting" because, according to the State, defendant is prone to skip court hearings. The State deplores that by "successfully avoid[ing] his arraignment in that prior case," defendant "circumvent[ed] a Pretrial Hearing which, most likely, would have resulted in defendant's Conditional Pretrial Release, making the current charges detainable."

¶ 9          In other words, the State appears to reason along these lines: But for defendant's failure to appear for his scheduled arraignment on the previously charged Class A misdemeanor, the circuit court would have put him on conditional release in that previous misdemeanor case.

Then, when defendant was charged with the present Class A misdemeanor of possession of drug paraphernalia, the court would have revoked his pretrial release. See *id.* § 110-6(a). By failing to appear for the arraignment on the previous Class A misdemeanor, defendant put himself in a better position than if he had attended that arraignment (and was released on conditions) before committing the new Class A misdemeanor (and thereby violating a condition, with resultant incarceration). In the State's view, the legislature could not have intended such an injustice.

¶ 10　　　　Even so, defendant counters, the Class A and B misdemeanors with which he is charged are not detainable under section 110-6.1(a). "So[,] the State's petition to detain fails on that ground," he contends, "and this Court should affirm the court's order that [defendant] 'is not charged with a detention eligible offense.' "

¶ 11　　　　Apart from the fact that the misdemeanors with which defendant is charged are simply not on the list in section 110-6.1(a), the State's appeal has a preceding problem, before we even reach the merits. The State's petition for the denial of pretrial release does not appear to be in the record. In its memorandum, the State does not cite the petition (indeed, the memorandum contains hardly any citations to the record), and we have searched through the common law record for the petition without success.

¶ 12　　　　The appellant—in this case, the State—has the responsibility of supplying us with a record that substantiates the appellant's contentions of error. See *People v. Carter*, 2015 IL 117709, ¶ 19. "Without an adequate record preserving the claimed error, the court of review must presume the circuit court's order conforms with the law." *Id.* We cannot reasonably review the denial of a petition if the record lacks the petition. We presume, then, that the State's petition deserved to be denied. See *id.*

¶ 13     The record (such as it is) tends to confirm that presumption. We see no language in section 110-6.1(a) under which the misdemeanors with which defendant is charged could be detention-eligible offenses. The legislature easily could have said that the circuit court could deny pretrial release on the ground that the defendant failed to appear for a hearing. The legislature did not say so. Courts lack the authority to read exceptions or qualifications into the plain language of a statute. See *People v. Wallace*, 2023 IL App (1st) 200917, ¶ 33.

¶ 14                                III. CONCLUSION

¶ 15     For the foregoing reasons, we affirm the circuit court's September 22, 2023, order denying the State's petition to deny defendant pretrial release.

¶ 16     Affirmed.