NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231301-U

NO. 4-23-1301

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 17, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Fulton County |
| BRANDON SPAHN, | ) | No. 23CF72 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas B. Ewing, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justice DeArmond concurred in the judgment.
Justice Cavanagh dissented.

**ORDER**

¶ 1   *Held*: The appellate court affirmed, finding the trial court did not abuse its discretion in denying defendant pretrial release.

¶ 2   Defendant Brandon Spahn appeals from a detention order entered on November 14, 2023, by the Fulton County circuit court. On appeal, he argues that the State failed to meet its burden of proving by clear and convincing evidence that (1) the proof is evident or the presumption great that defendant committed the offense charged; (2) defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case; (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or defendant's willful flight; and (4) that the trial court erred in its determination that no

condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor. We affirm.

¶ 3                                I. BACKGROUND

¶ 4        In March 2022, defendant was charged with two counts of aggravated battery for knowingly striking an individual over the age of 60 in the face with a club, a Class 3 felony. 720 ILCS 5/12-3.05(d)(1), (f)(1), (h) (West 2022). After a March 2022 hearing where probable cause was heard and found, bail was set at $15,000 and defendant was released. Following his failure to appear in court, he was rearrested and placed back into custody, and bond was again posted. Defendant was subsequently rearrested for failing to report to a probation officer and for missing additional court dates. Bond was posted a third time, and defendant was again released.

¶ 5        On November 14, 2023, defendant failed to appear in court once more and was arrested again. At that time, the State filed a petition to deny pretrial release based upon the dangerousness standard set forth in section 110-6.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1 (West 2022), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). A detention hearing was held the same day, at which the State proffered that defendant had struck an elderly person over the age of 60 with a club, causing bodily harm. The State further proffered that defendant faced multiple charges of resisting arrest and that defendant had been under court supervision when these offenses began to occur. He further had a history of felonies and drug abuse.

¶ 6        At the conclusion of the November 14 hearing, the trial court entered a written order granting the State's motion to deny defendant pretrial release. The court found there was probable cause to believe defendant committed the charged offense and further found the State had proven

by clear and convincing evidence that the proof was evident or the presumption great that defendant committed a detainable offense and that no combination of conditions could mitigate the threat his pretrial release would pose to the community.

¶ 7　　　　This appeal followed.

¶ 8　　　　　　　　　　　　II. ANALYSIS

¶ 9　　　　Defendant filed a timely notice of appeal utilizing the notice of appeal form in the Article VI Forms Appendix to the Illinois Supreme Court Rules. See Ill. S. Ct. R. 606(d) (eff. Oct. 19, 2023). The form lists several possible grounds for appellate relief and directs appellants to "check all that apply and describe in detail." *Id.* As grounds for relief, defendant checked the boxes on the form stating that the State failed to prove by clear and convincing evidence that he committed the offense, that he was dangerous, and that no conditions short of detention could mitigate the danger. Defendant did not provide any additional information beyond checking the boxes indicated. Defendant's appointed appellate counsel filed a waiver of his right to file a memorandum in support of his notice of appeal; the State filed a memorandum in opposition.

¶ 10　　　　We review a trial court's ruling denying a defendant pretrial release for an abuse of discretion. *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11 (citing *People v. Simmons*, 2019 IL App (1st 191253, ¶¶ 9, 15). "An abuse of discretion occurs when the [trial] court's decision is 'arbitrary, fanciful or unreasonable' or where 'no reasonable person would agree with the position adopted by the trial court.' " *Simmons*, 2019 IL App (1st) 191253, ¶ 9 (quoting *People v. Becker*, 239 Ill. 2d 215, 234 (2010)).

¶ 11　　　　Here, defendant has failed to satisfy his burden to persuade this court that the grounds for relief identified in his notice of appeal were present under the specific, articulable facts of this case. See, *e.g.*, *Insurance Benefit Group, Inc. v. Guarantee Trust Life Insurance Co.*, 2017

IL App (1st) 162808, ¶ 44 ("[D]efendant, as the appellant, bears the burden of persuasion as to [his] claims of error."). An appellant may not satisfy his burden of persuasion by merely checking a box on a form notice of appeal next to boilerplate language taken directly from the Act. At a minimum, we believe the appellant, in addition to checking a box, must point to some specific facts or aspect of the case that supports the requested ground for relief. See *Inman*, 2023 IL App (4th) 230864, ¶ 13 ("[I]t is reasonable to conclude the Illinois Supreme Court, by approving the notice of appeal form, expects appellants to at least include some rudimentary facts, argument, or support for the conclusory claim they have identified by checking a box."). This court is not to act as an advocate or seek error on the appellant's behalf but is "entitled to have the issues clearly defined and supported by pertinent authority and cohesive arguments." *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009). Because defendant in the instant appeal articulated neither facts nor case-specific argument in support of his requested relief, we affirm the trial court's judgment.

¶ 12        Moreover, we note that the record below provides ample support for the trial court's decision to deny pretrial release. Defendant had committed multiple crimes, some of which included resisting arrest, and had a history of not appearing for court appearances or meetings with his probation officer. His pretrial bond report also indicated that defendant "scored 10 out of 14 on the revised Virginia Pre-Trial Risk Assessment," which indicated "a High Risk level to not appear at future appointments with the court and to reoffend." Although defendant testified at the hearing that he would comply with all conditions of release, the trial court nevertheless concluded that no combination of conditions would be sufficient. " '[We] will not substitute our own judgment for the trier of fact on issues regarding *** the credibility of the witnesses.' " *Inman*, 2023 IL App (4th) 230864, ¶ 11 (quoting *People v. Vega*, 2018 IL App (1st) 160619, ¶ 44).

¶ 13    We acknowledge that the notice of appeal checked the box stating as a ground for relief that "[t]he State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense(s) charged." Though the court made earlier findings of probable cause, this finding would not have been made under a "clear and convincing" standard. The only thing presented at the hearing concerning the offense was the charge; there was neither evidence nor a proffer. Defendant did not, however, argue to the trial court that he had not committed the offense; his comments were solely directed to the other issues relating to detention. Had the issue been raised by defendant, we believe the court would have appropriately considered it. Generally, the failure to raise an issue at trial constitutes forfeiture of that issue on appeal. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988).

¶ 14    Moreover, on appeal, defendant provides us with no further description of this ground, and he did not file a memorandum as permitted by Illinois Supreme Court Rule 604(h)(2) (eff. Oct. 19, 2023). Illinois courts have frequently said "[a] court of review 'is not simply a depository into which an appealing party may dump the burden of argument and research.' " *In re Austin C.*, 353 Ill. App. 3d 942, 948 (2004) (quoting *In re Estate of Thorp*, 282 Ill. App. 3d 612, 616 (1996)). We decline to address an argument neither presented to the trial court nor adequately articulated here.

¶ 15                              III. CONCLUSION

¶ 16    For the reasons stated, we affirm the trial court's judgment.

¶ 17    Affirmed.

¶ 18    CAVANAGH, J., dissenting:

¶ 19    I respectfully dissent from the majority's conclusion because, as a matter of statutory law, the State had "the burden of proving by clear and convincing evidence that *** the

- 5 -

proof [was] evident or the presumption great" that defendant committed the charged offense of aggravated battery. 725 ILCS 5/110-6.1(e)(1) (West 2022). We should read no qualification, condition, or exception into the plain text of that statute. See *People v. Young*, 2023 IL App (4th) 230853-U, ¶ 13. I see no statutory basis for holding that the State's burden in section 110-6.1(e)(1) is conditional on defendant's making any particular closing argument. I see no requirement in section 110-6.1 (720 ILCS 5/110-6.1 West 2022)) that defendant answer the petition or raise an issue by any other means. The averments in the petition are automatically at issue; section 110-6.1(e) (*id.* § 110-6.1(e)) effectively says so.

¶ 20          Besides, whether defendant should be granted pretrial release was explicitly at issue in defense counsel's closing argument. That the State failed to carry its burden under section 110-6.1(e)(1) is not a separate issue but, rather, is an argument on the issue of whether defendant should be granted pretrial release. A party forfeits issues by failing to raise them below, not arguments on issues. *Brunton v. Kruger*, 2015 IL 117663, ¶ 76.

¶ 21          The majority complains that "[a] court of review is not a depository into which an appealing party may dump the burden of argument and research." (Internal quotation marks omitted.) *Supra* ¶ 14. An argument is an assertion coupled with a reason for the assertion. According to the notice of appeal, we should reverse the detention order (an assertion) because "[t]he State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense(s) charged" (a reason for the assertion). That is an argument. It is unclear to me what else defendant could have said to better equip us to read the 16-page transcript of the detention hearing and perceive that the State presented no evidence at all "that the proof is evident or the presumption great that defendant committed the

offense(s) charged." As for the burden of research, I do not see why much research would be required. We merely should apply section 110-6.1.

¶ 22 In sum, the majority's reasons for excusing the State from carrying its burden under section 110-6.1(e)(1) strike me as unconvincing. It cannot reasonably be disputed that the State failed to carry its burden of proof. Therefore, I would reverse the detention order and would remand this criminal case for further proceedings.