NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230891-U

NO. 4-23-0891

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 18, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| DAVID LING, | ) | No. 23DV194 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Theodore G. Kutsunis, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Zenoff and Knecht concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court did not abuse its discretion by denying defendant pretrial release.

¶ 2     Defendant David Ling appeals the trial court's September 27, 2023, order denying his pretrial release pursuant to article 110 the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110 *et seq*. (West 2022), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). Defendant argues that this court should overturn the trial court's decision because the State failed to prove by clear and convincing evidence that (1) he poses a real and present threat to the safety of any person or persons or the community and (2) no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons or the community.

¶ 3     We affirm.

¶ 4                          I. BACKGROUND

¶ 5     On September 26, 2023, the State charged defendant by information with four counts of domestic battery under section 12-3.2(a)(1)-(2) of the Criminal Code of 2012 (720 ILCS 5/12-3.2(a)(1), (2) (West 2022)) relating to an event on September 25 during which defendant struck his wife Ding Hing and daughter in the face, causing each bodily harm. A determination of probable cause was made that same day.

¶ 6                  A. Petition to Deny Pretrial Release

¶ 7     On the same day defendant was charged, the State filed a verified petition to deny him pretrial release. The petition asserted that defendant was charged with domestic battery (*id.*) and that under section 110-6.1(e)(2), (3) of the Code, defendant's pretrial release posed "a real and present threat to the physical safety of any person or persons or the community." See 725 ILCS 5/110-6.1(e)(3), (4) (West 2022). As factual basis in support of pretrial detention, the State asserted that on September 25, the Moline police department was called to a location for a report of domestic violence and further stated:

> "There is a history of domestics being called in from this address. The caller met police outside and said [defendant] was inside hitting his sister and mother. Officers made entry and found [defendant] and both victims. [Defendant's daughter] advised her father came into her room and told her she needed to quit school and go to work at Tyson to help pay bills. When she said she couldn't[,] he began to hit her about the face and head. Her mother, victim Ding Hing, heard this and ran upstairs to stop him, and he began to beat her. [Defendant's daughter]

advised this is a common occurrence and that her father is mentally ill. When asked, [defendant] repeatedly admitted to hitting both [his daughter] and Ding.”

¶ 8        At the detention hearing on September 27, 2023, the State provided the trial court with information consistent with the verified petition to deny defendant pretrial release. In relation to the contention that defendant was mentally unstable, the State added that, “[w]henever the defendant would see a dead animal on the road, he would accuse the children of doing it and being capable of killing him.” In response, defendant argued there is a presumption that a defendant is entitled to release with conditions and that there was no indication in the police report that defendant had been properly Mirandized (see *Miranda v. Arizona*, 384 U.S. 436 (1966)) prior to being questioned.

¶ 9                    B. Trial Court's Ruling

¶ 10        The trial court, after hearing the evidence presented and after acknowledging the legal presumption for release of a defendant with conditions, granted the State's motion and denied defendant pretrial release. In support of its decision, the court stated:

> “I'm finding that the State has met its burden by clear and convincing evidence that the defendant would pose a real and present threat to the safety of any person or persons, specifically his wife, daughter, and son.
>
> And that's buttressed by the fact that they have said, the victims, that this is a common occurrence, that the police have responded several times for complaints of domestic violence inflicted by the defendant towards the victims, that there's some allegations that there's some mental instability that the defendant possesses, as evidence[d] by an accusation of any—of accusing a child of the family of killing

'roadkill,' as the Court would like to call it, saying that that would be a threat to him personally."

¶ 11 The court's written order, entered that same day, found that the State had, by clear and convincing evidence, satisfied the "dangerousness standard" of section 110-6.1(a)(1)-(6) (725 ILCS 5/110-6.1(a)(6) (West 2022)) in that "the proof is evident or the presumption great that the defendant has committed a qualifying offense," that defendant "poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case," and that "no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons." The court explained that "less restrictive conditions would not assure safety of any person or persons or the community," basing its conclusion on the same grounds it stated in open court during the detention hearing and adding that defendant had admitted striking his wife and daughter to police. Moreover, the court listed its reasons for concluding that defendant should be denied pretrial release as "mental health issues," "prior incidents of [domestic violence]," and "admission of acts under charge."

¶ 12 Defendant filed a timely notice of appeal pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Sept. 18, 2023). This appeal followed.

¶ 13 II. ANALYSIS

¶ 14 On appeal, defendant initially and by way of his notice of appeal raised three issues: (1) the State failed to meet its burden of showing that defendant posed a real and present threat to the safety of any person or persons or the community, (2) the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons or the community based on the facts of this case, and (3) the trial court erred in its determination that no condition or

combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor. Defendant's Rule 604(h)(2) memorandum, however, addressed only the issue concerning mitigation. *Id.*

¶ 15                                    A. Standard of Review

¶ 16        We review the trial court's findings under the Act for an abuse of discretion. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10 (citing *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9). An abuse of discretion occurs when the trial court's decision is "arbitrary, fanciful or unreasonable," or where "no reasonable person would agree with the position adopted by the trial court." (Internal quotation marks omitted.) *Id.*; *People v. Martin*, 2023 IL App (4th) 230826, ¶ 21.

¶ 17                                    B. Denial of Pretrial Release

¶ 18        As to the first two issues stated in the notice of appeal, we reiterate our concerns voiced in *Martin*, 2023 IL App (4th) 230826, ¶ 18. There, as here, defendant utilized the notice of appeal form in the Article VI Forms Appendix to the Illinois Supreme Court Rules. See Ill. S. Ct. R. 606(d) (eff. Sept. 18, 2023). As we noted in *Martin*, "[t]his form lists several potential grounds for appellate relief and instructs the appellant to 'check all that apply and describe *in detail*.' " (Emphasis added.) *Id.* ¶ 12. Here, as in *Martin*, defendant checked the following grounds for relief, with the entirety of counsel's handwritten "detail[s]" being shown here in italics:

> "The State failed to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case.

*Insufficient facts alleged in State's proffer.*

The State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or defendant's willful flight.

*Insufficient facts alleged in State's proffer.*

The court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor.

*Insufficient facts alleged by Court [and] in the State's proffer.*"

¶ 19 No further explanation was offered.

¶ 20 1. *Dangerousness*

¶ 21 Defendant indicated on his notice of appeal that he sought to challenge the trial court's finding on the issue of dangerousness, but he asserted no specific grounds beyond the generic, boilerplate statement, "insufficient facts alleged in State's proffer." In *Martin*, we noted that Rule 604(h), which governs appeals under the Act, states that "[t]he Notice of Appeal shall describe the relief requested and the grounds for the relief requested, and the form notice of appeal prescribed by Rule 606(d) requires the defendant to *describe those grounds in detail*." (Emphasis added and internal quotation marks omitted.) *Id.* ¶ 18 (citing Ill. S. Ct. Rs. 604(h), 606(d) (eff.

Sept. 18, 2023)). "[S]upreme court rules have the force of law. They are not suggestions, nor are they aspirational." *Keefe v. Freedom Graphic Systems, Inc.*, 348 Ill. App. 3d 591, 593 (2004) (citing *Bright v. Dicke*, 166 Ill. 2d 204, 210 (1995)). "Although we liberally construe the contents of the notice of appeal, this court does not have authority to excuse compliance with the filing requirements of the supreme court rules governing appeals." *Estate of Young v. Department of Revenue*, 316 Ill. App. 3d 366, 373 (2000); see *People v. Lyles*, 217 Ill. 2d 210, 220 (2005) (noting that this court is not "empowered to take it upon itself to excuse violations of [the] rules regarding appeals ***, even when the court believes that a failure to follow the rules is due to ineffective assistance of counsel"). Moreover, Illinois courts have frequently said "[a] court of review 'is not simply a depository into which an appealing party may dump the burden of argument and research.' " *In re Austin C.*, 353 Ill. App. 3d 942, 948 (2004) (quoting *In re Estate of Thorpe*, 282 Ill. App. 3d 612, 616 (1996)).

¶ 22        Given that this contention was not elaborated on in defendant's memorandum, we deem this boilerplate language insufficient to present an issue for us to resolve and conclude there was no abuse of discretion regarding whether defendant was dangerous under section 110-6.1(e)(2). 725 ILCS 5/110-6.1(e)(2) (West 2022).

¶ 23                            2. *Adequacy of Release on Conditions*

¶ 24        Defendant's next contention is that the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons or the community. *Id*. § 110-6.1(e)(3). As with the issue of dangerousness, defendant did not describe the grounds for relief in detail in his notice of appeal; instead, he stated only that there were "insufficient facts alleged in State's proffer." He has, however, elaborated upon this contention in his memorandum.

¶ 25    According to the Code, the burden is on the State to prove by clear and convincing evidence not only that the defendant likely committed the offense and presents a real threat to the safety of others, but that "no condition or combination of conditions set forth" in subsection 110-10(b) can mitigate "the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." *Id.* § 110-6.1(e)(1)-(3).

¶ 26    Under the Code, in each case the trial court must conduct an "individualized" assessment of the propriety of detaining the defendant versus releasing him with conditions. *Id*. § 110-6.1(f)(7). "[N]o single factor or standard may be used exclusively to order detention." *Id*. Once a trial court determines that a defendant should be denied pretrial release, the court is required to make written findings summarizing the reasons for denying pretrial release. *Id*. § 110-6.1(h).

¶ 27    Based on the specific articulable facts presented, we conclude that the trial court's finding that the State has established by clear and convincing evidence that no conditions or combination of conditions under section 110-10(b) of the Code could mitigate the real and present threat (*id*. § 110-6.1(b), (e)(2), (3)) was not an abuse of discretion. On this point, the trial court relied on the State's verified petition and proffer, which established that defendant admitted he had struck his wife and daughter causing injury, he had a history of domestic violence, and there were allegations of defendant's mental illness. Further, there had been prior visits by police to defendant's residence in response to domestic violence. Also, both of the victims and defendant reside in the same household. We conclude that consideration of these factors was appropriate under section 110-6.1(g)(1)-(9) and that the trial court's decision was not an abuse of discretion. *Id*. § 110-6.1(g)(1)-(9).

¶ 28 We further conclude that the trial court adequately provided its reasoning in compliance with section 110-6.1(h)(1), which required the court to "make a written finding summarizing the court's reasons for concluding * * * less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or prevent the defendant's willful flight from prosecution." *Id*. § 110-6.1(h)(1). The court was aware that the defendant lived with the victims and suffered from apparent mental health issues which might interfere with his ability to comply with conditions of release. While it would be preferable for the court to address possible conditions and whether they were adequate, in the full context of the hearing we find that the trial court complied with this requirement of the Act.

¶ 29 As a final point, defendant argues the trial court should not have considered his admission to the police because the record was not clear as to whether he was Mirandized prior to making the admissions. We note, however, that section 110-6.1(f)(5) states that "[t]he rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." *Id.* § 110-6.1(f)(5). Moreover, subsection 110-6.1(f)(6) states that "[t]he defendant may not move to suppress evidence or a confession." *Id.* § 110-6.1(f)(6). However, under that same subsection, "evidence that proof of the charged crime may have been the result of an unlawful search or seizure, or both, or through improper interrogation, is relevant in assessing the weight of the evidence against the defendant." *Id.* Because defendant made this same argument before the trial court, we find it reasonable to conclude that the court gave defendant's admission the appropriate weight.

¶ 30 3. *Appearance at Future Court Dates*

¶ 31		Finally, defendant's notice of appeal asserts that there were "insufficient facts" supporting a conclusion that no conditions would ensure defendant's appearance at future court dates. Once again, though instructed to "describe in detail" his contentions on the notice, defendant's handwritten entry states only, "*insufficient facts alleged by the court [and] in the State's proffer.*"

¶ 32		This argument in particular demonstrates this court's concern with Rule 604(h) notices of appeal that contain nonspecific, boilerplate contentions. The failing here is compounded by the fact that the likelihood of defendant's appearance for subsequent hearings was not even a part of the trial court's determination to deny release, nor was it argued as such. Defendant is effectively arguing against a finding that was not made. As noted above, the trial court was required to assess the question of defendant's release on an "individualized" basis. *Id.* § 110-6.1(f)(7). We caution attorneys filing Rule 604(h) notices of appeal to ensure that the content of such notices should also be "individualized" to the case and not matters of rote or boilerplate.

¶ 33		III. CONCLUSION

¶ 34		Because the trial court complied with the requirements of the Act and made all necessary findings, based on this record we find no reason to conclude the court's decision was "arbitrary, fanciful or unreasonable." (Internal quotation marks omitted.) *Simmons*, 2019 IL App (1st) 191253, ¶ 9; see *People v. Jones*, 2023 IL App (4th) 230837, ¶¶ 32-33. Moreover, the court provided specific, articulable facts for its decision. *Inman*, 2023 IL App (4th) 230864, ¶ 17. Consequently, we affirm the court's judgment.

¶ 35		Affirmed.