2024 IL App (2d) 230446-U
No. 2-23-0446
Order filed January 11, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-597 |
| DARNELL TORRES, | ) ) | Honorable Philip G. Montgomery, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE KENNEDY delivered the judgment of the court.
Justices Hutchinson and Schostok concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court did not err in denying defendant's pretrial release.

¶ 2     Defendant, Darnell Torres, appeals from the denial of his pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). The Office of the State Appellate Defender declined to file a memorandum pursuant to Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023), and defendant stands on his notice of appeal. For the following reasons, we affirm.

¶ 3 On October 27, 2023, defendant was charged by complaint with three counts: (1) aggravated unlawful use of a weapon when defendant did not have a Firearm Owners Identification (FOID) card (720 ILCS 5/24-1.6(a)(3)(c) (West 2022)); (2) aggravated unlawful use of a weapon when defendant did not have a valid concealed carry license (*id.* § 24-1.6(a)(3)(a-5)); and (3) unlawful possession of a firearm by a felon (*id.* § 24-1.1(a)), alleging that defendant had been convicted of a Class 4 felony in De Kalb County (23-CF-36001) and two Class 3 felonies in Kane County (13-CF-10330, 10-CF-2100).

¶ 4 That same day, defendant initially appeared before the trial court and the State filed its verified petition to deny defendant's pretrial release. Along with its verified petition, the State also filed a police department synopsis, which provided as follows. Officers made an investigative vehicle stop on October 26, 2023, where a police dog alerted to the odor of narcotics in the vehicle. Defendant, who appeared to be intoxicated, exited the vehicle from the right rear passenger door. Officers found a loaded Glock handgun with a clear extended magazine on the right rear passenger floorboard near where defendant had been sitting in the vehicle, and they arrested defendant. Defendant did not have a FOID card or concealed carry license. Last, the synopsis provided that defendant's previous Class 4 felony conviction in De Kalb County was for aggravated resisting, and his two Class 3 felony convictions in Kane County were for aggravated battery and aggravated battery with a weapon.

¶ 5 Also on October 27, 2023, the trial court heard the State's petition and denied defendant's pretrial release. The trial court had read the police department synopsis and found it contained sufficient information to make a probable cause finding that defendant committed an offense. The court also noted that defendant's two codefendants told police they had observed defendant with the handgun that officers found on the rear seat floorboard near where defendant had been seated.

¶ 6    The trial court continued that, at the time of the alleged offense, defendant was on diversion for a domestic battery and on probation for resisting a peace officer, and it found that defendant had a criminal history that included a 2013 aggravated battery conviction and a 2011 violation of an order of protection. The court reasoned that aggravated and domestic batteries were crimes of violence, and defendant's prior unlawful use of a weapon evinced a history of unlawfully possessing firearms. Based on the facts of the case and defendant's criminal history, the court found that defendant posed a real and present threat to the safety of the community and that no set of conditions could mitigate that threat. The court entered a written order the same day.

¶ 7    Defendant timely appealed. In defendant's notice of appeal, he raises four grounds for relief: (1) the State failed to prove that he committed the offenses charged; (2) the State failed to prove defendant's dangerousness; (3) the State failed to prove that no conditions could mitigate defendant's dangerousness, including electronic home monitoring; and (4) the trial court erred in its determination that no set of conditions would reasonably ensure defendant's appearance at later hearings, including electronic home monitoring.

¶ 8    Pretrial release is governed by article 110 of the Code. 725 ILCS 5/110-1 *et seq.* (West 2022). Under the Code, a defendant's pretrial release may be denied only for certain charged offenses. *Id.* §§ 110-2(a), 110-6.1. Here, defendant's charged offenses are qualifying offenses. See *id.* § 110-6.1(a)(6)(O) (listing as qualifying offenses the aggravated unlawful use of a weapon and the unlawful possession of weapons by felons).

¶ 9    To deny a defendant pretrial release, the trial court must find that the State proved the following by clear and convincing evidence: (1) the proof was evident or the presumption great that defendant committed a detainable offense (*id.* § 110-6.1(e)(1)); (2) defendant's pretrial release posed a real and present threat to the safety of any person or persons or the community (*id.* § 110-

6.1(e)(2)); and (3) no condition or combination of conditions could mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution (*id.* § 110-6.1(e)(3)). We review whether the trial court's findings were against the manifest weight of the evidence. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13; *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 10. A finding is against the manifest weight of the evidence when it is unreasonable. *People v. Sims*, 2022 IL App (2d) 200391, ¶ 72. We review the trial court's ultimate decision regarding pretrial release for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 10    Here, the trial court's findings were not against the manifest weight of the evidence and its decision to detain defendant was not an abuse of discretion. First, the record supported that defendant committed the charged offenses of aggravated unlawful use of a weapon and unlawful possession of a firearm by a felon. Per the State's factual synopsis, after defendant exited the vehicle from the right rear passenger door, officers observed a Glock handgun on the floor near the right rear passenger seat where defendant had been sitting. Defendant's codefendants identified the handgun as defendant's weapon. Furthermore, defendant has a criminal record that includes prior felonies, and the State proffered that he did not have a FOID card or concealed carry license.

¶ 11    Second, as to defendant's dangerousness, several section 110-6.1(g) factors were present: the offense involved a weapon (725 ILCS 5/110-6.1(g)(1) (West 2022)); defendant had a criminal history indicative of violent, abusive, or assaultive behavior (*id.* § 110-6.1(g)(2)(A)), including a prior conviction for aggravated battery; defendant was charged with unlawful possession of a firearm (*id.* § 110-6.1(g)(7)); and at the time of the charged offense, defendant was on probation (*id.* § 110-6.1(g)(8)). Given defendant's criminal history and section 110-6.1(g)'s implicit recognition of the inherent danger of firearms, the trial court's finding that defendant posed a real

and present threat to the safety of the community was not against the manifest weight of the evidence.

¶ 12    Third, the evidence supported the trial court's determination that no set of conditions could mitigate the threat defendant posed to the community. Although defendant suggests home monitoring, he is a convicted felon who previously failed to abide by an order of protection and is now charged with committing an offense involving possession of a firearm while he is on probation as well as on diversion for a domestic battery. Defendant's criminal history, which indicates a lack of compliance and respect for conditions or restrictions, reasonably supports the trial court's finding that less restrictive conditions would not ensure the safety of the community.

¶ 13    Finally, as to defendant's fourth ground for relief, the trial court never found—nor was it required to find—that any set of conditions would ensure his future appearances. See *id.* § 110-6.1(e) (providing the eligibility requirements the State must prove, as listed *supra* ¶ 9); *id.* § 110-6.1(d)(1) (the detention order must make a written finding that less restrictive conditions would not avoid the defendant's threat to others' safety *or* prevent the defendant's willful flight from prosecution).

¶ 14    For these reasons, the trial court did not err in denying defendant's pretrial release, and we affirm the judgment of the De Kalb County circuit court.

¶ 15    Affirmed.