2024 IL App (1st) 240498-U

No. 1-24-0498B

Order filed May 15, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 MC 1100487 |
| | ) | |
| JAYLEN JOHNSON, | ) | Honorable |
| | ) | Ankur Srivastava, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAN TINE delivered the judgment of the court.
Justices Lampkin and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    ***Held*:** We affirm the trial court's order granting the State's petition for pretrial detention over defendant's contentions that the State failed to prove by clear and convincing evidence that defendant posed a real and present threat to the safety of the community and that the court erred in finding that no conditions would reasonably ensure defendant appeared for future hearings or prevent him from being charged with new offenses.

¶ 2    Defendant Jaylen Johnson appeals the trial court's February 20, 2024, order granting the

State's petition for pretrial detention pursuant to section 110-2 of the Code of Criminal Procedure

(725 ILCS 5/110-1 *et seq.* (West 2024)), commonly known as the Pretrial Fairness Act (Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).

¶ 3    Defendant argues that (1) the State did not establish by clear and convincing evidence that he posed a real and present threat to the safety of the community, and (2) the trial court erred in finding that no conditions of pretrial release would mitigate the risk of flight to avoid prosecution, reasonably ensure defendant's appearance at future court dates, or prevent defendant from being charged with new offenses.[2] For the following reasons, we affirm.

¶ 4                                    I. BACKGROUND

¶ 5    Police arrested defendant on February 19, 2024, and the State charged him with aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6(a)(2) (West 2024)). The charges arose from an incident in which defendant allegedly fled from officers on patrol and threw to the ground a loaded firearm with a laser sight attachment, which the officers recovered after arresting defendant.

¶ 6    The day after defendant's arrest, the State filed a petition for pretrial detention pursuant to sections 110-6.1(a)(1) and (a)(6)(O) of the Pretrial Fairness Act (725 ILCS 5/110-6.1(a)(1), (6)(O) (West 2024)), alleging that the proof was evident or the presumption great that defendant committed AUUW and that he posed a real and present threat to the community's safety.

---

[1]The legislation has also been referred to as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act. Neither commonly known name is official, as neither appears in the Illinois Compiled Statutes or the public act.

[2]As we discuss in more detail below, none of the factors in the second argument was the basis for the State's petition for pretrial detention or the trial court's pretrial detention ruling.

¶ 7      At a hearing on the State's petition, the State proffered that at approximately 6:53 p.m. on February 19, 2024, officers on patrol in an unmarked squad car saw defendant walking quickly while holding an object under his coat. Defendant quickened his pace as he repeatedly looked back toward the officers' vehicle. As the officers approached defendant, they saw him throw the object to the ground, jump over a nearby fence, and run away. The officers pursued defendant for approximately one block before detaining him. The officers then went back to retrieve the object defendant threw to the ground and found a loaded firearm with a laser sight attachment. Defendant did not have a valid Firearm Owners Identification card (430 ILCS 65/1 *et seq.* (West 2024)) or a concealed carry license (*id.* § 66/1 *et seq.*). At the time of his arrest, defendant was on probation for a 2023 AUUW conviction.

¶ 8      Defendant proffered that he was 20 years old, graduated from high school, worked part-time, and regularly attended church. He argued that the State failed to show by clear and convincing evidence that he possessed a firearm because the officers did not see him holding a firearm and no other evidence connected him to the firearm the officers recovered. Defendant suggested that other individuals may have left the firearm where the officers found it. Defendant also argued that he was not a threat to the community because, although he was on probation for AUUW at the time of this arrest, neither his prior conviction nor this offense involved violence against others. Defendant noted that the public safety assessment gave defendant low scores for the likelihood of "new criminal activity" and "failure to appear" without a new violence flag, and recommended pretrial release with electronic monitoring. Defendant requested pretrial release with electronic monitoring. The State responded that defendant likely would not comply with electronic monitoring because this AUUW arrest violated his probation in the prior AUUW case.

¶ 9    The trial court granted the State's petition for pretrial detention. The court found that AUUW constituted a qualifying offense for pretrial detention and found that the proof was evident that defendant committed AUUW. The court explained that defendant throwing the firearm to the ground as the officers approached suggested his "consciousness of guilt." The court was persuaded that the firearm was, in fact, the object that defendant threw to the ground because police recovered it where they saw defendant throw the object and they detained defendant approximately one block away from that location. The court rejected defendant's arguments regarding the weight of the evidence as more appropriate for trial.

¶ 10   As to the second and third elements (725 ILCS 5/110-6.1(e)(2-3) (West 2024)), the court ruled as follows:

> "The second thing the State has to prove by clear and convincing evidence is that your release poses a real and present threat to the safety of any person or persons in the community. Again there are two ways to look at this. Your attorney argues that you have low pretrial scores which is true. She argues that there is no suggestion that you were using the firearm. There is no violence flag. You weren't pointing the firearm around at anybody or anything like that.
>
> On the other hand, you are out on the street at 7 p.m. This is a time when or 5 p.m. rather -- 7 p.m. sorry 7 p.m. This is a time when people are out and about coming home from work, going out to run errands and things like that. And this is a loaded firearm with a laser sight that you were carrying around on the streets of Chicago. As to whether or not that constitutes a danger to the community for me what matters is the context in which this occurred.

You are someone who is on first time gun offender probation. You were placed on that probation a year ago. So I acknowledge your attorney's argument that you weren't using that firearm but for someone in your situation to merely be possessing one based on your background, based on the circumstances and the way in which you allegedly possessed it I do believe it constitutes a danger. I do find that the State has met the burden on the second prong as well.

I will just say if you're on gun offender probation to be carrying around a loaded firearm with a round in the chamber and a laser sight that represents danger to the community in my opinion.

The last thing the State has to prove is that there is no combination of conditions which I can impose which would mitigate that threat. I find that the State has met its burden on that prong as well. Your attorney is arguing that you could perhaps be placed on a curfew or electronic monitoring something like that. In order for any of those conditions that I can impose to actually protect the community I have to believe that you will actually comply with that. You are on probation for a gun case when this is alleged to have occurred. That makes me believe that you are not likely to comply with any of the conditions I could impose. For those reasons I find the State's arguments persuasive as to why electronic monitoring or other such lesser conditions would not be sufficient to protect the public. I find that the State has met its burden. You are detained."

The court's written order was consistent with its oral ruling.

¶ 11    Defendant timely filed a notice of appeal, using the form approved for Illinois Supreme Court Rule 604(h) appeals by defendants. Defendant asked to "strike the order of detention and

remand for a new detention hearing." His entire claim of error consisted of one checked box, with an argument attached. Defendant checked the box labeled: "[t]he court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor." Below the checked box, defendant wrote "See attached arguments." The attached argument contended that the trial court erred because defendant received low public safety assessment scores, he only had one prior conviction, he was "compliant with the terms of his probation for the better part of a year," and his alleged violation of probation is for a nonviolent offense.

¶ 12    Defendant did not check either of the two boxes for contesting that the State "failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case," or that it "failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense(s) charged."

¶ 13    Defendant also filed a Rule 604(h)(2) memorandum, which raised two arguments. The first argument, not presented in defendant's notice of appeal, claimed that the State failed to meet its burden of proving by clear and convincing evidence that defendant posed a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case. The second argument essentially mirrored the argument attached to his notice of appeal.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, defendant argues that (1) the State failed to prove by clear and convincing evidence that he posed a real and present threat to the safety of the community and (2) the court erred in ruling that no conditions of pretrial release "would reasonably ensure the appearance of [defendant] for later hearings or prevent [defendant] from being charged with a subsequent felony or Class A misdemeanor."

¶ 16    The Pretrial Fairness Act presumes that all defendants are eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2024). However, the State may petition the trial court for pretrial detention in certain statutorily limited situations. *Id.* § 110-6.1 (a). Upon filing a timely, verified petition, the State has the burden to prove by clear and convincing evidence that (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense, (2) the defendant's pretrial release poses a real and present threat to the safety of the community, and (3) that less restrictive conditions would not avoid that threat. *Id.* § 110-6.1(d), (e). The trial court may grant release, subject to conditions that the trial court deems appropriate, such as electronic monitoring or home supervision. However, if the court determines that the defendant should be denied pretrial release, it must make written findings summarizing the reasons for denying pretrial release. *Id.* § 110-6.1(h).

¶ 17    Defendant has forfeited his first argument regarding the State's failure to prove that he presented a threat to the community because his notice of appeal did not indicate that he would raise that argument on appeal. See *People v. Martin*, 2023 IL App (4th) 230826, ¶ 19 (a defendant cannot raise, for the first time in an appellate memorandum, additional grounds for relief that he did not raise in the notice of appeal); see also Ill. S. Ct. R. 604(h)(2) (eff. Dec. 7, 2023) ("The Notice of Appeal shall describe the relief requested and the grounds for the relief requested.").

Defendant does not acknowledge his forfeiture of this argument or provide any basis on which we could excuse it. See *People v. Smith*, 228 Ill. 2d 95, 106 (2008) (the two most important tasks of a reviewing court are to ascertain its jurisdiction and determine which issues, if any, have been forfeited). Although the State did not raise this argument, this court's power of review "attaches only upon compliance with the rules governing appeals." See *People v. Lyles*, 217 Ill. 2d 210, 220 (2005). Accordingly, we limit our review to the sole issue raised in defendant's notice of appeal.

¶ 18　Defendant's second argument regarding conditions of pretrial release mischaracterizes the trial court's ruling, effectively arguing against a finding the court did not make. He contends that the court erred in finding no conditions would ensure his appearance at future court dates or would prevent him from being charged with new offenses. But that is not what the State alleged, it is not what the trial court found, and it is not at issue in this case. The State's petition for pretrial detention alleged only that defendant posed a threat to the safety of others pursuant to section 110-6.1(e)(3)(i) of the Act, not that he was unlikely to appear for future hearings or charged with new offenses pursuant to section 110-6(a), which is relevant only to appeals from petitions to *revoke* pretrial release. See 725 ILCS 5/110-6(a) (West 2024). Revocation of pretrial release is not at issue in this case.

¶ 19　At the pretrial detention hearing, there was no discussion of defendant missing future court dates or being charged with new offenses. None of those issues was the basis for the trial court's ruling. Rather, the court found that no conditions of pretrial release would protect the community from the threat that defendant posed. Although defendant presented argument on this issue at the hearing, he does not contest the ruling on appeal. We decline to review issues that were not argued, defended, or ruled on in the trial court. See, *e.g.*, *People v. Watkins*, 2024 IL App (2d) 230567-U,

¶ 12; *People v. Hughes*, 2024 IL App (1st) 232416-U, ¶ 32; *People v. Torres*, 2024 IL App (2d) 230446-U, ¶ 13; *People v. Mendoza-Camargo*, 2023 IL App (2d) 230330-U, ¶ 22; *People v. Ling*, 2023 IL App (4th) 230891-U, ¶ 32; *People v. Crowder*, 2023 IL App (4th) 230857-U, ¶ 17. Accordingly, we affirm the trial court's order.

¶ 20                                    III. CONCLUSION

¶ 21    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 22    Affirmed.